UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NFG HOUSING PARTNERS, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:20-cv-00421-GZS |
| | ) |
| LORRAINE SAINT PIERRE, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER OF REMAND

Before the Court is Plaintiff's Motion to Remand (ECF No. 10). Upon due consideration, the Court GRANTS IN PART AND DENIES IN PART the Motion.

### I.   BACKGROUND

#### A.  State Court Proceedings

On July 14, 2020, Plaintiff NFG Housing Partners, L.P. ("NFG"), the owner of an apartment complex located in Portland, Maine, filed a Complaint for Forcible Entry and Detainer in Maine District Court against its tenant, Defendant Lorraine Saint Pierre. (Compl. (ECF No. 7-1), PageID # 141–42 (hereinafter, "FED Complaint").) The FED Complaint referenced and attached a document entitled "Notice of Termination of Lease and Tenancy and Reasons Therefor," in which NFG asserted numerous lease violations on specific dates ranging from March 4, 2019 through May 8, 2020. (See id., PageID #s 143–45.) This notice also closed with the following statement:

> The forcible entry and detainer process of the courts of the State of Maine for evictions are approved by HUD and HUD has determined that this eviction

procedure provides the opportunity for a hearing in court that contains the basic elements of due process as defined in HUD regulations.[1]

(Id., PageID # 145.)[2]  Saint Pierre entered a pro se appearance and responded to the FED Complaint, arguing, in relevant part, that "the Department of Housing and Urban Renewal, HUD" was a third party to the lease and, in fact, the "*principal* obligor." (Opp. (ECF 7-4), PageID # 169.) Saint Pierre's response also made reference to a second pending state action (the "Second Action") that she had filed against NFG, which, in relevant part, alleged that NFG's policies violated "HUD by-laws" and her "4th amendment right to privacy." (Id. at 171).

In an October 19, 2020 order ("October 19 Order"), the state court hearing the FED Complaint dismissed the majority of Saint Pierre's then-pending motions noting that the dismissal was without prejudice to Saint Pierre reasserting her claims and defenses at the October 22, 2020 final hearing. (Oct. 19 Order (ECF No. 7-33), PageID # 450.) On October 22, the state court conducted two hours of hearing but was unable to conclude due to the number of witnesses presented. In a post-hearing procedural order, dated October 26, 2020 ("October 26 Order"), the state court also explained that it "had become aware that the subject housing involve[d] a federal housing subsidy and require[d] additional information about the applicable rules and regulations that govern these proceedings." (Oct. 26 Order (ECF No. 7-34), PageID # 451.) Thus, the state court rescheduled the remainder of the hearing and directed each party to file copies of "all applicable law (statutes), federal regulations and written policies that the party asserts govern the determination of the issues presented in this case." (Id.)

---

[1] "HUD" is the common shorthand for the Department of Housing and Urban Development, which is part of the federal government.

[2] The Court notes that the Complaint also attached a seven-page "Notice of Occupancy Rights under the Violence Against Women Act" that explained in detail HUD's role in ensuring compliance with the tenant rights secured by that particular federal statute. See FED Compl. (ECF 7-1), PageID # 147–53. Nothing in the record suggests that Saint Pierre, who by all accounts lives alone, was or claimed to be a victim of domestic violence.

NFG opposed the October 26 Order, asserting, as relevant here, that "[n]o party ha[d] raised any claim, defense, motion or argument regarding any federal law or regulation in this matter." (Opp. (ECF No. 7-35), PageID # 455.) In her reply to this opposition, Saint Pierre challenged this contention, asserting that NFG had brought up "the HUD topic in [its] FED Complaint," quoting the Notice of Termination. (Reply (ECF No. 7-36), PageID # 502.)

### B. Federal Proceedings

On November 10, 2020, Saint Pierre removed the FED Complaint to this Court on the basis of federal question jurisdiction. Her Notice of Removal explained that, prior to the filing of the FED Complaint, while conducting research for the Second Action, she had discovered "the HUD rules governing her lease." (Removal Not. (ECF No. 1), PageID # 3.) She further asserted that the action had become removable under 28 U.S.C. § 1446(b)(3) upon her receipt of an order. (Id.) Saint Pierre attached more than 100 pages of exhibits, including both the October 19 and October 26 Orders.

NFG moved to remand the action to state court on November 30, 2020. In December 2020, in addition to responding to Plaintiff's Motion to Remand, Saint Pierre made three additional filings. First, she moved to consolidate the current action with the Second Action (still pending in state court) pursuant to Federal Rule of Civil Procedure 42(a). (Consolidation Mot. (ECF No. 11).) Second, she filed a new response or answer to the FED Complaint ("Answer"), in which she appears to assert a number of counterclaims pursuant to 42 U.S.C. § 1985. (Answer (ECF No. 12), PageID # 539.) Lastly, Saint Pierre moved for the Court to exercise supplemental jurisdiction over

the Second Action pursuant to 28 U.S.C. § 1367.[3]  (Supp. Juris. Mot. (ECF No. 16), PageID # 614.)

## II. DISCUSSION

### A. Standard of Review

The removal of state court cases to federal court is generally governed by 28 U.S.C. §§ 1441 and 1446.  These "removal statutes are strictly construed," and a removing defendant has "the burden of showing the federal court's jurisdiction." Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 4 (1st Cir. 1999) (internal citations omitted).  When a removing party asserts federal question jurisdiction as the basis for removal, "a 'colorable' showing that a basis for federal jurisdiction exists" is required.  Id.; see also 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  As the removing party, Defendant also bears the burden of establishing that her removal was timely.  See Katz v. Spiniello Cos., No. 1:16-cv-11380-DJC, 2016 U.S. Dist. LEXIS 171374, at *5 (D. Mass. Dec. 12, 2016) ("[T]he burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper.") (quoting Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995)).

In connection with its consideration of whether Defendant can meet these burdens in this case, the Court remains mindful of Defendant's *pro se* status.  See, e.g., Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (noting that "pro se litigants are not exempt from procedural rules" but that "courts endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.")

---

[3] In this final motion, Saint Pierre appears to concede that Rule 42(a) may not have been the correct mechanism to bring the Second Action before this Court, but it is unclear if she intended to withdraw her previous motion pursuant to that rule.

### 1. Removal based on the FED Complaint

Defendant faces two insurmountable hurdles to her removal based on the underlying FED Complaint.  First, her Notice of Removal was filed 124 days after service of this Complaint, placing it well outside the thirty-day removal period delineated in 28 U.S.C. § 1446(b)(1).  Second, applying the well-pleaded complaint rule, the Court finds no federal claim or federal question.  See Danca, 185 F.3d at 4 (applying the well-pleaded complaint rule); see also KeyBank Nat'l Ass'n v. Katahdin Communs., Inc., No. 1:10-cv-00141-JAW, 2010 U.S. Dist. LEXIS 57445, at *5–8 (D. Me. June 9, 2010).

At best, the FED Complaint's supporting attachments suggest NFG provided Saint Pierre with required notices that included references to federal statutes and regulations.  However, this underlying federal regulation does not turn the eviction proceeding into a federal question case. See, e.g., Eden Hous. Mgmt, Inc. v. Muhammad, No. 4:07-cv-04325-SBA, 2007 U.S Dist. LEXIS 90294 at *5 (N.D. Cal. Nov. 28, 2007) ("HUD guidelines place jurisdiction for eviction actions involving subsidized tenants in the hands of state court.  Therefore, removal cannot be based on HUD's involvement in [defendant's] rental contract.") (internal citations and footnote omitted). The Court assumes without deciding that Defendant's *pro se* responses can be construed as invoking a federal defense or counterclaims based on federal statute.  However, "[i]t is hornbook law that a federal defense does not confer 'arising under' jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint."  Ten Taxpayer Citizens Grp. v. Cape Wind Assocs., LLC, 373 F.3d 183, 191 (1st Cir. 2004); see also Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").  Thus, without stating any view as to the merits of any counterclaim Defendant raised in her most recently filed Answer

(ECF No. 12), her references to federal law in her responsive pleadings cannot provide a proper basis for removal. See Vaden, 556 U.S. at 60.

### 2. Removal based on the October 26 Order

Although Defendant's Notice of Removal only indicated that an unspecified "order" triggered her removal, the Court construes Defendant's papers as relying on the October 26 Order.[4] Defendant asserts this makes her removal timely under 28 U.S.C. § 1446(b)(3), which allows for an additional thirty day removal window triggered by her "receipt . . . through service or otherwise, of a copy of an . . . order . . . from which it may first be ascertained that the case is one which is or has become removable." Id. The Court agrees with Defendant that her removal would be timely if the case first became removable on October 26, 2020.[5]

However, the Court concludes that the October 26 Order did not bring this matter within the Court's subject matter jurisdiction as delineated in 28 U.S.C. § 1331. The October 26 Order explicitly requested that the parties provide the court with copies of applicable statutes, federal regulations and written policies that each side maintained were applicable in light of the "federal housing subsidy." (Oct. 26 Order, PageID # 451.) This request does not amount to sufficient information to trigger a removal. See Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 72 (1st Cir. 2014) ("Section 1446(b)'s thirty-day clocks are triggered only when the . . . complaint or . . . subsequent paper provides the defendant with sufficient information to *easily* determine that the

---

[4] The Court recognizes that October 19 Order would make Defendant's removal timely, but, on its face, there is nothing in this one-page order that allows for the ascertainment of a new valid basis for removal. See October 19 Order (ECF No. 7-33), PageID # 450.

[5] Plaintiff has urged the Court to consider Defendant's own admission that she was subjectively aware of a possible federal question from the inception of this FED action in determining the timeliness of the removal. The Court finds Saint Pierre's subjective awareness irrelevant to the timeliness question. Rather, a federal claim needed to be ascertainable in a document. Here, the Court considers the October 26 Order as the only viable document that could make Defendant's Notice of Removal timely under § 1446(b)(3) is. Cf., e.g., Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 74 (1st Cir. 2014) ("[T]he text of the statute focuses solely on when the *plaintiffs*' papers reveal removability.").

6

matter is removable." (emphasis added));  see also Berera v. Mesa Med. Grp., PLLC, 779 F.3d 352, 364 (6th Cir. 2015) ("If the initial pleading lacks *solid and unambiguous* information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper' that contains *solid and unambiguous* information that the case is removable." (emphasis added)).  In fact, the Court agrees with Plaintiff that the October 26 Order did not provide any information about a federal nexus in the case that was not already ascertainable from the FED Complaint.  In short, the Court concludes that nothing in the October 26 Order gave rise to new grounds for removing the FED Complaint.

On the record presented, the Court concludes that Defendant has not and cannot meet her burden of showing that the FED Complaint or the October 26 Order can be read to state a claim arising under this Court's federal question jurisdiction.  As a result, this matter "shall be remanded" in accordance with 28 U.S.C. § 1447(c).

### 3. Fees and Costs

In addition to seeking remand, Plaintiff's Motion to Remand includes a request for fees and costs it has occurred as a result of Defendant's removal.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[A]n award of fees under § 1447(c) is left to the district court's discretion."  Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  However, the Supreme Court has indicated that such an award is not appropriate "when the removing party has an objectively reasonable basis for removal."  Id.

Although Defendant has not sustained her burden of showing her removal was timely or proper, the Court is not persuaded that she lacked an objectively reasonable basis for seeking removal, particularly considering her *pro se* status and the content of her filings.  See, e.g., Anctil

v. Kick, 167 F. Supp. 3d 266, 269 (D. Mass. 2016) (similarly considering the removing party's *pro se* status in denying a request for fees and costs under § 1447(c)). The Court notes that there is no evidence that Defendant had prior experience with removal from which she could have obtained instruction on the removal process and federal jurisdiction.[6] On the present record, the Court DENIES the request for an award of fees and costs.

### III. CONCLUSION

For the above reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Remand (ECF No. 10). Specifically, the Court REMANDS the case but DENIES the request for attorney's fees and costs.

Under 28 U.S.C. § 1447(d), the Court's decision on the remand issue "is not reviewable on appeal or otherwise." In light of the *in forma pauperis* status of this matter, the Court certifies that any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk is directed to REMAND this matter to the Maine District Court in Portland (Docket No. PORDC-SA-20-301).

SO ORDERED.

                                             /s/ George Z. Singal
                                             United States District Judge

Dated this 20th day of January, 2021.

---

[6] However, upon receipt of this Order, Defendant is on notice of the requirements for removal. See Bassi v. Krochina, No. 1:12-cv-00039-JD, 2012 U.S. Dist. LEXIS 63232, *12 (D.N.H. May 3, 2012) (similarly denying an award of fees and costs while placing the *pro se* removing party on notice). Thus, the Court notes that future similar removals could be viewed as unreasonable and result in an award of fees and costs associated with remanding the case back to its proper forum.